No. 3023

Second Circuit

VAN OS v. GRAY

(March 24, 1930. Opinion and Decree.)

D. B. Samuel, Robert Roberts, Jr., of Shreveport, and C. M. Roberts, of Minden, attorneys for plaintiff, appellant.

A. S. Drew, of Minden, attorney for defendant, appellee.

ODOM, J. Plaintiff is an architect and brings this suit against defendant to collect fees due for making plans and specifications for the building of a residence. He alleges that he made the plans under defendant's instructions, and that while there was no agreement as to the amount of compensation which he should receive, the amount sued for is reasonable and customary for such work.

The defense is that there was never an unconditional employment of plaintiff and no contract entered into between the parties; hence nothing due.

The district court rejected plaintiff's demands, and he appealed.

The defendant, who lives at Minden, contemplated the erection of a residence for himself. Plaintiff, on learning this, saw defendant, by chance it seems, and inquired of defendant whether he needed the services of an architect, and was told that he probably would, and the two discussed the matter of plans. Defendant went into details as to the size and kind of residence he wanted, but made it plain to plaintiff that he would not pay a price exceeding $14,000 for a residence. Plaintiff stated to defendant that the residence he had described could not be built for the amount stipulated. It was understood however, that, if the structure which defendant wanted could be built for that price, or less, plaintiff might proceed with the drawings, specifications, etc. But defendant did not instruct plaintiff to proceed with the plans, and it is clear enough that there was no contract of employment entered into at that time. Plaintiff testified that defendant told him not once, but on numerous occasions, that he would not build at a cost exceeding $14,000, and further said that he told defendant at the first conference that such a structure as he wanted could not be built for that price. As further evidence that plaintiff did not consider 'that he was employed, he did not proceed with his work, but returned to Shreveport and interviewed a certain building contractor as to what a residence described by defendant would cost, and was told that it would cost about what defendant was willing to pay.

On October 30th, plaintiff wrote defendant that he had "gone over your proposed scheme" with a contractor, and "he assures me that we can build your house of frame construction for around $14,000.00, if we don't do too much expensive interior finish in it and if we do not attempt doing too much of the unusual on the outside." He closed the letter with this sentence: "Awaiting your pleasure in this matter, I am, your very truly."

Admittedly, defendant made no reply to this letter. But plaintiff, apparently upon the assurance of the contractor that the house could be built for $14,000, then drew plans and specifications and advertised for bids, the lowest received being $19,000, or $5,000 more than defendant was willing to pay, and the bid was rejected. Defendant later on employed a contractor to build his residence at a cost of less than $14,000 but did not use plaintiff's plans and specifications, which, it seems, were never delivered.

Counsel for plaintiff in brief say that he did the work and should recover, "unless there was something in his agreement with Mr. Gray which made it a condition of his employment that the cost of the work to be done be brought down to fourteen thousand dollars." Further on in their brief, counsel concede that the record warrants the holding that the "employment" was conditional, and we add that under the testimony any other holding would be wholly unwarranted. Hence it follows that, according to counsel's own argument, plaintiff's suit must fall, unless, as they suggest, the original agreement was abrogated by subsequent agreement, express or implied.

The record is clear that defendant never at any time receded from his original statement to plaintiff as to the cost of the building, nor does it warrant the implication that he intended to do so. After plaintiff wrote defendant on October 30th that he had been advised that the residence could be built at or within the specified amount, there were conferences between the two in which defendant suggested that he might be able to get special prices on lumber. But that was with the idea of bringing the total cost within the specified limit. Plaintiff testified that the plans were materially enlarged by additions suggested by defendant. As defendant emphatically disputed plaintiff's statement to this effect, we hold, under the principle that the burden is upon a plaintiff to establish special pleas, that plaintiff failed on that point.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both courts.

DREW, J., recused.